IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,                        :
                                       :
    Plaintiff,                         :
                                       :
    v.                                 :    CIVIL ACTION NO. 3:CV-04-0900
                                       :    (JUDGE KOSIK)
JOHN GALABINSKI,                       :
                                       :
    Defendant.                         :

## MEMORANDUM

Before this court are the plaintiff's "Application For a Bill of Judicial Review" and "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910," filed on November 23 and 25, 2005, construed together as a motion for reconsideration. (Docs. 66 and 67). For the reasons that follow, we will deny the plaintiff's motion for reconsideration, and will let stand our September 27, 2005 Order entering judgment in favor of the defendant and closing this case.

## FACTUAL HISTORY

The plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983 on April 26, 2004, against several staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas). On April 27, 2004, this court issued a Standing Practice Order informing the plaintiff, among other procedural issues, of his obligation to notify the court in the event that he was transferred to a new prison. (Doc. 6). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt. On October 29, 2004, this court adopted in part a

Report and Recommendation of the Magistrate Judge and dismissed defendants Bleich, Jones, Lewis, Jastremski, Clark, Long, Bowden, Strachelek, and McGrady, because the complaint failed to state viable claims against them.  (Doc. 11).  The court permitted the plaintiff to pursue his claims against defendant, John Galabinski.

In his complaint, the plaintiff claims that: (1) defendant Galabinski filed a false misconduct report against the plaintiff on September 7, 2001, in retaliation for the plaintiff's filing a grievance against Galabinski; (2) the defendant filed a false misconduct against the plaintiff on December 10, 2001; and, (3) the defendant filed a false misconduct report against the plaintiff on February 22, 2002, in retaliation for a criminal complaint the plaintiff filed against the defendant.[1] The remaining defendant filed a motion for summary judgment or for judgment on the pleadings on May 23, 2005.  (Doc. 52).  Both parties briefed the motion. (Docs. 56 and 62).

Magistrate Judge Blewitt issued a Report and Recommendation on August 31, 2005, suggesting that we grant the defendant's motion for summary judgment and dismiss all three of the plaintiff's claims.  (Doc. 63).  Specifically, the Magistrate Judge determined that claims one and two of the plaintiff's complaint are time-barred by the applicable statute of limitations, and that claim three of the complaint should be dismissed as the plaintiff cannot show that defendant

---

[1]

Plaintiff's complaint contains eight paragraphs.  As noted by the Magistrate Judge in his Report and Recommendation, however, the complaint contains only three claims of retaliation by the defendant.  Those claims are found in paragraphs one, five, and eight of the complaint.

Galabinski was motivated to discipline the plaintiff as a result of his filing a criminal complaint against defendant Galabinski.  *See Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (holding prisoner alleging prison officials retaliated for his exercising a constitutional right must prove: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and, 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him).  Neither the plaintiff, nor the defendant filed objections to the Report and Recommendation.  We entered a Memorandum and Order adopting the Report and Recommendation on September 27, 2005.  (Doc. 66).

On October 5, 2005, Bartelli filed a notice of change of address, indicating that he had been transferred from SCI Dallas to SCI Huntingdon.  Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court.  Neither the change of address, nor the document alleging interference with the plaintiff's mail referenced any case by name or provided a docket number.[2]

---

2

Neither document was docketed in the instant case, but may be found in several other cases in which Bartelli is a plaintiff.  *See e.g., Bartelli v. Jones*, 04-CV-0906, Docs. 68 and 69.  Bartelli filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas.  On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli.  We dismissed the case pursuant to 28 U.S.C. §

On November 23, 2005, the plaintiff filed a document entitled "Application For a Bill of Judicial Review." (Doc. 67).  On November 25, 2005, the plaintiff filed two letters with this court in which he complained that staff at SCI Huntingdon interfered with his legal mail.  (Doc. 68).  The plaintiff dated the letters November 17, 2005, and labeled the document, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-0900, 0907, 0908, 0909, and 0910."  Bartelli also filed his own affidavit with documents that he contends support his claims of governmental interference.  (Doc. 68, Exhibits). We will construe the November 23 and 25, 2005 filings together as a motion for reconsideration of this court's September 27, 2005 Order entering judgment in favor of the defendant.[3]

## DISCUSSION

A motion for reconsideration is a device of limited utility.  It may be used only to correct manifest errors of law or fact, or to present newly discovered

---

1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim.  *See Bartelli v. Beard, et al.* CV-05-1285.

[3]

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.  They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.,* 540 U.S. 375, 381-82 (2003) (*internal citations omitted*).  Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filing as a motion for reconsideration.

precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

In this case, the plaintiff failed to file his motion for reconsideration within ten days of this court's September 27, 2005 Order. Rather, Bartelli filed his motion roughly seven weeks after we entered our Order closing the case. Accordingly, the plaintiff's motion will be dismissed as untimely. The plaintiff's transfer to SCI Huntington does not excuse his failure to file the motion for reconsideration within the time allotted by the Local Rules. It appears that the plaintiff failed to inform this court of his transfer to SCI Huntingdon in a timely fashion in contravention of the April 27, 2004 Standing Practice Order notifying him of his obligation to keep this court abreast of any address changes. (Doc.6). For some period of time documents forwarded to the plaintiff at SCI Dallas were returned to the court. Bartelli waited until October 5, 2005, to forward a notice of his transfer to this

court.  Even then, Bartelli did not indicate a docket number on the notice.  On the same date, he filed a letter asking the court for an extension until October 8, 2005, to file Objections to the various Report and Recommendations entered in his many lawsuits against SCI Dallas staff.  *See Bartelli v. Jones*, 04-CV-0906, Docs. 68 and 69.  The plaintiff did not meet the deadline he requested in the extension.  He never attempted to file Objections to the Report and Recommendation.  Instead, he waited until November 23, 2005, to file what we have construed as a motion for reconsideration of our September 27, 2005 Order.  Any delay in the plaintiff's receipt of court documents, as well as his failure to object to the Report and Recommendation or file a timely motion for reconsideration, are solely the consequences of Bartelli's own inaction.

Finally, the plaintiff's allegations that prison staff interfered with his mail do not justify the late filing.  The plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of August 31, 2005, or our Order adopting same on September 27, 2005.  Rather, Bartelli's specific allegations of obstruction involve administrative filings and filings with this court up to April 29, 2005.  He makes no assertions that prison staff inhibited his ability to receive or send mail after the Magistrate Judge entered his Report and Recommendation on August 31, 2005.  *See* Bartelli Affidavit at 4, attached as an exhibit to Doc. 76.  Moreover, the plaintiff offers no evidence, other than his own affidavit, to support the contention that prison staff ever interfered with his mail.  Accordingly, the alleged interference with the plaintiff's legal mail does not justify plaintiff's failure to file timely objections to the Report and Recommendation or to

file a timely motion for reconsideration of our Order entering judgment in favor of the defendant.

Finally, even if we were to disregard the late filing of the motion for reconsideration, we would nonetheless deny Bartelli's motion.  Bartelli cites no recent precedent that would compel this court to revisit the September 27, 2005 Order.  The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our decision.  He merely restates the arguments found in his response to the defendant's motion for summary judgment and other previous filings.  Accordingly, Bartelli's motion presents no arguments sufficient to persuade us to reverse our September 27, 2005 Order.  *See Harsco Corp.*, 779 F.2d 906 (holding motion for reconsideration used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which might have affected the court's prior decision).[4]

## CONCLUSION

Bartelli's November 23 and 25, 2005 filings, construed as a Motion for Reconsideration, will be denied.  (Doc. 67 and 68).  The motion was filed well beyond the time allotted for motions for reconsideration by Local Rule 7.10 (ten days).  Bartelli failed to allege that any actions on the part of prison staff precluded him from receiving the Magistrate Judge's Report and Recommendation or our

---

4

> We would similarly deny the plaintiff's motion if we were to construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on the basis of fraud or misconduct.  As noted above, Mr. Bartelli's allegations of obstruction of his legal mail are unsupported and incredible. Additionally, he failed to allege that any misconduct on the part of prison staff affected his ability to respond to either the Report and Recommendation of August 31, 2005, or the Order adopting same filed on September 27, 2005.

Order adopting same, or inhibited his ability to respond to those two filings. Bartelli's allegations of obstruction of mail are unsupported by any evidence and irrelevant to this motion.  It appears that any delay in receiving this court's recent orders is attributable solely to the plaintiff's failure to promptly notify the court of his transfer to SCI Huntingdon.  Moreover, even if we were to reach the merits of Bartelli's motion, we would not alter our September 27, 2005 Order as he failed to demonstrate that we made a manifest error of law or fact, and he neglected to present newly discovered precedent or evidence which might have altered this court's prior decision.  *See Harsco Corp.*, 779 F.2d 906.  Accordingly, we will not disturb our Order of September 27, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,                          :
                                         :
    Plaintiff,                           :
                                         :
        v.                               :      CIVIL ACTION NO. 3:CV-04-0900
                                         :      (JUDGE KOSIK)
JOHN GALABINSKI,                         :
                                         :
    Defendant.                           :

## ORDER

AND NOW, this 15th day of DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Application For a Bill of Judicial Review" and, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910" (Doc. 67 and 68), together construed as a motion for reconsideration, are **denied**; and,

[2] the order dated September 27, 2005 (Doc. 66), adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendant's favor, and closing the case, will stand.

                                          s/Edwin M. Kosik
                                        United States District Judge